IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL P. RILEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DAVID LOUTHAN, )<br>)<br>Respondent. ) | Case No. CIV-24-1325-D |

## ORDER

Petitioner Michael P. Riley brought this action under 28 U.S.C. § 2254 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). On May 28, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 19], in which she recommends that Respondent's Motion to Dismiss [Doc. No. 16] be **GRANTED** and the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 be **DISMISSED** without prejudice. Specifically, the magistrate judge concludes that the Court lacks jurisdiction over any claims related to convictions for which Petitioner has fully discharged his sentences (Oklahoma County District Court Case Nos. CF-2003-3531, CF-2004-3428, and CM-2003-2564). Further, the magistrate judge explains that—for the state sentence that Petitioner is currently serving—Petitioner's habeas petition is time-barred by the Antiterrorism and Effective Death Penalty Act of 1996.

In her report, the magistrate judge notified Petitioner of his right to file an objection to the report on or before June 18, 2025, and that the failure to object waives Petitioner's

1

right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

On June 23, 2025, the Court received Petitioner's Notice [Doc. No. 20], in which Petitioner notified the Court that he intended to object to the magistrate judge's report, and that the "objection will follow close behind this notice." [Doc. No. 20, at 1]. However, it has been more than one month since the Court received Petitioner's notice, and the Court has not received any objection from Petitioner.

Upon review of the file and noting no timely objection to the findings and recommendations of the magistrate judge, the Court **ADOPTS** the Report and Recommendation [Doc. No. 19] in its entirety.

For the reasons stated therein, Respondent's Motion to Dismiss [Doc. No. 16] is **GRANTED**. **IT IS THEREFORE ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] is **DISMISSED** without prejudice. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484

(2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 28th day of July, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge